# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS

* * * * * * * * * * * * * * * * * * * * * * *
| | |
|---|---|
| CHRISTOPHER GROMALA, | No. 19-1247V |
| Petitioner, | |
| v. | Special Master Christian J. Moran |
| | Filed: July 21, 2023 |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |
* * * * * * * * * * * * * * * * * * * * * * *

Peter M. Young, Habush, Habush & Rottier, S.C., Wausau, WI, for petitioner;
David Mark O'Dea, United States Dep't of Justice, Washington, D.C., for respondent.

**UNPUBLISHED DECISION DENYING COMPENSATION**[1]

Mr. Christopher Gromala alleged that the influenza ("flu") vaccine administered on October 4, 2016 caused him to suffer from Guillain-Barré syndrome (GBS) and a subset of AIDP [acute inflammatory demyelinating polyneuropathy] which evolved into CIDP [chronic inflammatory demyelinating polyneuropathy]. Pet., filed August 21, 2019, at 1. On March 24, 2023, the undersigned issued an order on a tentative finding denying entitlement. On July 11, 2023, Mr. Gromala moved for a decision dismissing his petition.

### I.    Procedural History

Mr. Gromala ("petitioner") filed a petition on August 21, 2019. After petitioner filed his initial medical records, the Secretary contested. Resp't's Rep., filed July 6, 2020. Thereafter, petitioner filed additional medical records. After they were filed, petitioner filed expert reports from Dr. Steinman. In response, the Secretary filed expert reports from Dr. Fadguba and Dr. Robbins.

On March 24, 2023, the undersigned, after carefully reviewing the record, issued an order on a tentative finding denying entitlement. The undersigned pointed out that it would be difficult for petitioner to prevail in his claim because he had no definitive diagnosis. See Order on

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). This means the Decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), the parties have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. Any changes will appear in the document posted in the website.

Tentative Finding Denying Entitlement, issued Mar. 24, 2023. Even if petitioner were to establish a diagnosis, it would be challenging for him to satisfy the Althen prongs.

That same day, on March 24, 2023, the undersigned also issued a scheduling order on briefing deadlines in the event that the parties still wanted to adjudicate the case, in light of the tentative finding denying entitlement.

At the status conference on April 12, 2023, petitioner's counsel advised that he needed to consult with Dr. Steinman and petitioner on how to proceed with the case. On June 12, 2023, petitioner filed a status report to express an intention to file an unopposed motion for a decision dismissing the case.

On July 11, 2023, petitioner moved for a decision dismissing his petition. Petitioner stated that he "understands that a decision by the Special Master dismissing his petition will result in a judgment against him . . . [and] such a judgment will end all of his rights in the Vaccine Program." Pet'r's Mot., filed July 11, 2023. Furthermore, petitioner "understands that he may apply for costs once his case is dismissed and judgment is entered against him." Id. The Secretary did not file a response to this motion. This matter is now ready for adjudication.

**II.   Analysis**

To receive compensation under the National Vaccine Injury Compensation Program (hereinafter "the Program"), a petitioner must prove either 1) that the vaccinee suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of the vaccinations, or 2) that the vaccinee suffered an injury that was actually caused by a vaccine. See §§ 300aa-13(a)(1)(A) and 300aa-11(c)(1). Under the Act, a petitioner may not be given a Program award based solely on the petitioner's claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. § 300aa-13(a)(1).

In this case, petitioner filed medical records and expert reports in support of his claim, but nonetheless, wishes to have his claim dismissed and judgment entered against him. Though petitioner did not cite to a specific rule when filing this motion, the undersigned will construe this as a motion filed pursuant to 42 U.S.C. § 300aa—21(b) (regarding involuntary dismissal), given petitioner's clear intent that a judgment be issued in this case. See Pet'r's Mot., filed July 11, 2023.

To conform to section 12(d)(3), a decision must "include findings of fact and conclusions of law." Here, although the parties were in the process of presenting arguments, the evidence weighs against a finding that petitioner suffered from GBS and CIDP. Without a showing that the vaccinee suffered the injury that the vaccine allegedly caused, the remainder of the case becomes moot. See Broekelschen v. Sec'y of Health and Human Servs., 618 F.3d 1339, 1346 (Fed. Cir. 2010). Accordingly, the undersigned is not required to evaluate whether the flu vaccine can cause GBS and/or CIDP.

**Thus, the Motion for Decision is GRANTED and this case is DISMISSED WITH PREJUDICE for insufficient proof. The Clerk shall enter judgment accordingly.** <u>See</u> Vaccine Rule 21(b).

**IT IS SO ORDERED**.

<u>s/Christian J. Moran</u>
Christian J. Moran
Special Master
